Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*                                    Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE GOODRITZ** | : | No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **WM GARAGE ASSOCIATES, L.P.,** | : | |
| | : | |
| and | : | **COMPLAINT** |
| | : | |
| **PARK AMERICA INC.** | : | |
| | : | |
| Defendants | : | |

## PRELIMINARY STATEMENT

George Goodritz (the "Plaintiff"), by and through his counsel, brings this lawsuit against

WM Garage Associates, L.P., and Park America, Inc., seeking all available relief under the

Americans with Disabilities Act for the failure to comply with the Act's accessibility

requirements.  Plaintiff is seeking injunctive relief requiring the Defendants to remove

the accessibility barriers which exist at their parking facility.  The allegations contained

herein are based on personal experience of the Plaintiff.

## I.  JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

## II.  VENUE

3. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

4. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

5. Plaintiff is a 69 year-old adult male who currently resides in Montgomery County, in the Commonwealth of Pennsylvania.

6. Plaintiff is a disabled individual.

7. WM Garage Associates, L.P., ("Defendant WM") is a domestic limited partnership registered with the Pennsylvania Department of State under entity identification number 2805513.

8. According to the Philadelphia Board of Revision of Taxes, Defendant WM is listed as the owner of 420 - 434 South 2nd Street, having a tax account number 883406500.

9. Defendant WM has a business address of 2639 South Chester Springs Road, Chester Springs, Pennsylvania 19425.

10. Park America, Inc. ("Defendant Park") is a domestic for-profit corporation registered with the Pennsylvania Department of State under entity identification number 912574.

11. Defendant Park has a business address of 1 Bala Avenue, Suite 500, Bala Cynwyd, Pennsylvania 19004.

12. Defendant WM and Defendant Park are collectively referred to herein as the "Defendants."

## IV. <u>STATEMENT OF FACTS</u>

### *The Parking Facility*

13. Defendant WM owns a public parking facility located at 420 - 434 South 2nd Street, Philadelphia, Pennsylvania 19147 (the "Parking Facility").

14. Upon information and belief, Defendant Park manages the Parking Facility for Defendant WM.

15. For a fee, an individual can park a vehicle in the Parking Facility at the prevailing market rates.

16. The Parking Facility has 5 (five) levels, including a basement parking level.

17. The Parking facility has approximately 400 (four-hundred) parking spaces.

18. The Parking Facility has only 1 (one) handicap-accessible parking space.

19. The Parking Facility offers self-parking, whereby a customer parks his or her vehicle.

20. Customers enter the Parking Facility via an entrance located on Lombard Street.

21. The Parking Facility's entrance has an entrance gate where the customer obtains a system-generated "ticket."

22. After the ticket is generated and taken by the customer, the entrance gate raises, allowing the customer to drive his or her vehicle into the Parking Facility.

23. Once inside the Parking Facility, the customer must locate an empty parking space on one of the Parking Facility's levels to park his or her vehicle.

24. Upon the conclusion of the customer's use of the Parking Facility, the customer must pay the Parking Facility's cashier.

25.  After the customer pays the cashier, the exit gate is lifted to allow the customer to exit the Parking Facility.

26. None of the Parking Facility's four levels has any handicap-accessible parking spaces.

27. The Parking Facility is not a valet-only facility; customers are able to self-park their vehicles.

*The Plaintiff*

28. The Plaintiff is a disabled individual within the meaning of the ADA.

29. The Plaintiff has difficulty walking.

30. The Plaintiff possesses a handicapped parking placard issued by the Commonwealth of Pennsylvania.

31. The Plaintiff's handicapped parking placard permits him to park his vehicle in spaces designated as being handicap-accessible.

32. The Plaintiff's personal vehicle is a 2016 Toyota RAV 4.

33. The Plaintiff's handicapped placard hangs on the rear-view mirror of his vehicle.

34. The Plaintiff travels to Philadelphia frequently, and is often unable to find parking on the streets.

35. Plaintiff parks in a parking garage or parking lot when on-street parking is not available.

36. The Plaintiff has patronized the Parking Facility.

37. The Plaintiff would patronize the Parking Facility in the future, but is currently deterred because of the lack of any handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

38. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

39. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

40. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

41. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

42. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

43. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

44. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

45. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

46. Places of public accommodation and commercial facilities that are newly constructed for occupancy beginning after January 26, 1992, must be "readily accessible to and usable by" individuals with disabilities. 28 C.F.R. § 36.401(a) (1).

47. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

48. Discrimination, for purposes of a public accommodation, includes "[a] failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities" except where an entity can demonstrate that it is structurally impracticable to meet the requirements set forth by the ADA. 42 U.S.C. § 12183.

49. Under the ADA, businesses or privately owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

50. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.

*Accessible Parking under the ADA*

51. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[1]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |

52. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[2]

53. The width of a parking space is measured from the center of each parking line bordering the parking space.[3] (**See Exhibit A**)

54. The ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60 (sixty) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[4]

55. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[5]

---

[1] See https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282
[2] See https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[3] See Id.
[4] See Id.
[5] See http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html

56. This route, which must be at least three feet wide, must remain accessible and not be blocked.[6]

57. Accessible routes must connect parking spaces to accessible entrances.[7]

58. *"Facility"* means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

59. ADA accessibility standards require that accessible parking spaces be located on the shortest accessible route from adjacent parking to the accessible entrance of the building.[8]

60. ADA Guidance Standards provide that "[a] "path of travel" includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility."[9]

61. "An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements."[10]

---

[6] See Id.
[7] See https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[8] See http://www.ada.gov/adata1.pdf
[9] See https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#curbramps
[10] See Id.

62. Accessible parking spaces and the required accessible route should be located where individuals with disabilities do not have to cross a vehicular lane.[11]

*Valet Parking*

63. Valet parking facilities must have passenger loading zones which provide a vehicular pull-up space at a minimum of 60 (sixty) inches in width and a minimum of 20 (twenty) feet in length. (**See Exhibit B**)

64. The passenger loading zone must be located on an accessible route to the entrance of the facility.[12]

65. Access aisles must adjoin an accessible route and cannot overlap the vehicular way.

*Stairs and Handrails*

66. At the top of a stair flight, handrails shall extend horizontally above the landing for 12 (twelve) inches minimum beginning directly above the first riser nosing.[13] (**See Exhibit C**)

67. At the bottom of a stair flight, handrails shall extend at the slope of the stair flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing.[14]

*Signage and the ADA*

---

[11] See Id.
[12] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.6.6
[13] See https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[14] See Id.

68. The ADA standards require the use of the International Symbol of Accessibility (ISA) to identify parking spaces which are reserved for use by individuals with disabilities.[15] (**See Exhibit D**)

69. The ISA must be used to identify accessible passenger loading zones.

70. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

71. Parking space identification signs shall be 60 (sixty) inches minimum above the finish floor or ground surface measured to the bottom of the sign.[16]

## COUNT I –

## FAILURE TO PROVIDE THE PROPER NUMBER OF HANDICAP-ACCESSIBLE PARKING SPACES

72. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

73. The Plaintiff is a disabled individual within the meaning of the ADA.

74. The major life activity that the constitutes the Plaintiff's disability is his difficulty walking distances.

75. The Plaintiff's limitation in walking distances is substantial.

76. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

77. The Parking Facility offers parking to the general public.

78. The Parking Facility is a public accommodation as defined by ADA.

---

[15] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1
[16] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

79. The Parking Facility is subject to Title III of the ADA.

80. Defendant WM failed to provide the proper number of handicap-accessible parking spaces at the Parking Facility.

81. Defendant Park failed to provide the proper number of handicap-accessible parking spaces at the Parking Facility.

82. The Parking Facility has only 1 (one) handicap-accessible parking space. (**See Exhibit E**)

83. The Parking Facility's failure to offer more than one (1) handicap-accessible parking space has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

84. Defendant WM is responsible for ensuring the Parking Facility's compliance with the ADA.

85. Defendant Park is responsible for ensuring the Parking Facility's compliance with the ADA.

86. The Defendants can remedy their non-compliance with the ADA's parking requirements by designating several of the available non-handicap-accessible spaces as handicap-accessible spaces.

87. Compliance with the handicap parking space requirements at the Parking Facility is readily achievable.

88. The Defendants' failure to comply with the ADA has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

89. Because his walking distance is limited, the Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA.

90. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT II-

## FAILURE TO COMPLY WITH THE ACCESS REQUIRMENTS UNDER THE ADA

91. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

92. The Parking Facility does not have any directional signs for the nearest accessible route.

93. The Parking Facility has one (1) handicap-accessible parking sign which is not at the proper height. (**See Exhibit E**)

94. The Parking Facility's only handicap-accessible parking space does not have the required adjacent access aisle. (**See Exhibit E**)

95. The Parking Facility does not have any marked accessible routes.

96. The Defendants have failed to locate the handicap-accessible parking space near the shortest accessible route to an accessible entrance/exit of the Parking Facility.

97. The Defendants can remedy their non-compliance by reallocating existing parking spaces and painting border lines which conform to the dimensional requirements of the ADA for handicap-accessible parking spaces and access aisles.

98. Because his walking distance is limited, the Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA handicap-accessible parking requirements.

99. The Defendants' failure to comply with the ADA handicap-accessible parking requirements has denied the Plaintiff the full and equal enjoyment of parking offered by the Parking Facility.

100. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA handicap-accessible parking requirements.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT III-

## FAILURE TO MAINTAIN PROPER STAIR RAILS UNDER THE ADA

101. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

102. The Parking Facility has three sets of stairwells.

103. The Parking Facility's stairwells, nearest to the payment booth, does not have the proper handrail length at the top of stair flights, extending twelve (12) inches over the landing. (**See Exhibit F**)

104. In the stairwell leading up to the second floor from the first floor, a handrail is missing. (**See Exhibit G**)

105. In the stairwell leading up to the third floor from the second floor, a handrail is missing. (**See Exhibit H**)

106. The Defendants' failure to install the proper handrail lengths at the tops of the flights of stairs has created a safety issue and an accessibility issue.

107. The missing handrails create a safety issue.

108. The Defendants can remedy this non-compliance by installing the proper hand rails and railings of proper length.

109. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully submitted,

By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707 *fax*
*Attorney for Plaintiff, George Goodritz*
Dated: May 3, 2017

## CERTIFICATE OF SERVICE

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF

system.


By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff, George Goodritz*
Dated: May 3, 2017

**EXHIBIT A**

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)



**Access Aisle (§502.3)**
*An access aisle at least 60" wide and at least as long as the parking space is required on either side of the parking space and must be marked to discourage parking in it. Two spaces can share one aisle. Access aisles cannot overlap vehicular ways.*

**Vehicle Spaces (§502.2)**
*Spaces must be marked to define the 96" minimum width.*

full length
of parking
space

96" min       60" min       96" min

**Surfaces (§502.4)**
*Parking spaces and access aisles must meet requirements for floor and ground surfaces (§302) and cannot have changes in level other than slopes not exceeding 1:48.*

**Markings (§502.1, §502.2, §502.3.3)**
*Both the parking space and access aisle must be marked. The marking method and color is not specified in the Standards, but may be addressed by state or local codes or regulations. The width of spaces and aisles is measured to the centerline of markings (but it can include the full width of lines where there is no adjacent parking space or aisles).*

**EXHIBIT B**

Source: https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements



**EXHIBIT C**

Source: https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-stairways



## EXHIBIT C (continued)

Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements#505 Handrails

505.10.2 Top Extension at Stairs.  At the top of a stair flight, handrails shall extend horizontally above the landing for 12 inches (305 mm) minimum beginning directly above the first riser nosing.  Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent stair flight.



**Figure 505.10.2 Top Handrail Extension at Stairs**

**EXHIBIT D**

# Figure 3B-22. International Symbol of Accessibility Parking Space Marking



Height of symbol:
Minimum = 28 inches
Special = 41 inches

Width of symbol:
Minimum = 24 inches
Special = 36 inches

★ Stroke width:
Minimum = 3 inches
Special = 4 inches

Note: Blue background and
white border are optional

**EXHIBIT E**



**EXHIBIT F**



**EXHIBIT G**



**EXHIBIT H**

